**HILL, FARRER & BURRILL LLP**
E. Sean McLoughlin (Bar No. 174076)
  Email: smcloughlin@hillfarrer.com
Michael S. Blanton (Bar No. 190148)
  Email: mblanton@hillfarrer.com
One California Plaza, 37th Floor
300 South Grand Avenue
Los Angeles, CA  90071-3147
Telephone:  (213) 620-0460
Fax:  (213) 624-4840

Attorneys for Defendants
MARTIN STEIN and BLACKFORD
CAPITAL ASSOCIATES II, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT – OAKLAND

| | |
|---|---|
| ANTHONY P. KIEHN, an individual; FORTIS PACIFIC, INC., a California Corporation,<br><br>        Plaintiff,<br><br>    vs.<br><br>MARTIN STEIN, an individual; BLACKFORD CAPITAL ASSOCIATES II, INC., a Michigan Corporation, also d.b.a. BLACKFORD CAPITAL; JOHN H. MASON, an individual, an individual; CONVERGENT CAPITAL, LLC, a Minnesota Company; CONVERGENT CAPITAL II, LLC, a Delaware Company; CONVERGENT CAPITAL PARTNERS I, LP; a Delaware Company; CONVERGENT CAPITAL PARTNERS II, LP; a Delaware Company,<br><br>        Defendants. | CASE NO.  CV 12-06554 PJH<br><br>**DEFENDANTS MARTIN STEIN AND BLACKFORD CAPITAL ASSOCIATES II, INC.'S REPLY TO PLAINTIFFS' OPPOSITION PETITION TO COMPEL ARBITRATION AND DISMISS OR STAY ACTION**<br><br>Date:    April 17, 2013<br>Time:    9:00 a.m.<br>Judge:  Hon. Phyllis J. Hamilton |

*HILL, FARRER & BURRILL LLP*
*A LIMITED LIABILITY PARTNERSHIP*
*ATTORNEYS AT LAW*
*ONE CALIFORNIA PLAZA, 37TH FLOOR*
*300 SOUTH GRAND AVENUE*
*LOS ANGELES, CALIFORNIA 90071-3147*

# **TABLE OF CONTENTS**

**Page**

I.  INTRODUCTION ........................................................................ - 1 -

    A.    All of Kiehn's claims against Stein should be arbitrated because they arise out of the Operating Agreement, "touch upon matters" matters concerning the Operating Agreement, or are otherwise within the scope of the arbitration provision. ................................. - 2 -

    B.    Kiehn's claims against Blackford-II should be arbitrated because they are identical to his claims against Stein and are "other disputes" arising out of the alleged conduct attributed to Stein ...... - 5 -

    C.    Fortis' claims must be arbitrated because its claims are intertwined with the Operating Agreement ..................................... - 8 -

II.  CONCLUSION ........................................................................ - 10 -

HILL, FARRER & BURRILL LLP
A LIMITED LIABILITY PARTNERSHIP
ATTORNEYS AT LAW
ONE CALIFORNIA PLAZA, 37TH FLOOR
300 SOUTH GRAND AVENUE
LOS ANGELES, CALIFORNIA 90071-3147

# TABLE OF AUTHORITIES

**Page**

**Cases**

*Amisil Holdings Ltd. v. Clarium Capital Mgmt. LLC*,
  622 F. Supp. 2d 825 (N.D. Cal. 2007) ............................................................. 5, 7, 8

*E.I. DuPont de Nemours & Co. v. Rhone Poulenc Fiber & Resin
  Intermediates*,
  269 F.3d 187 (3d Cir. 2001) ................................................................................. 5

*Goldman v. KPMG, LLP*,
  173 Cal. App. 4th 209 (2009) ............................................................................... 7

*Hawkins v. KPMG LLP*,
  423 F. Supp. 2d 1038 (N.D. Cal. 2006) ............................................................... 7

*Marchese v. Shearson Hayden Stone, Inc.*,
  734 F.3d 414 (9th Cir. 1984) ................................................................................ 4

*Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*,
  460 U.S. 1 (1983) ................................................................................................. 3

*Mundi v. Union Sec. Life Ins. Co.*,
  555 F.3d 1042 (9th Cir. 2009) .............................................................................. 5

*Simula, Inc. v. Autoliv, Inc.*,
  175 F.3d 716 (9th Cir. 1999) ................................................................................ 3

HILL, FARRER & BURRILL LLP
A LIMITED LIABILITY PARTNERSHIP
ATTORNEYS AT LAW
ONE CALIFORNIA PLAZA, 37TH FLOOR
300 SOUTH GRAND AVENUE
LOS ANGELES, CALIFORNIA 90071-3147

# I.  INTRODUCTION

The gravamen of Plaintiffs' twelve-count First Amended Complaint ("FAC") is that Defendants[1] conspired to divert business opportunities and revenues from Blackford-I to Blackford-II, in violation of the Blackford-I Operating Agreement, and that their actions have been detrimental to Kiehn's interest in Blackford-I. While Plaintiffs conjugate the twelve counts into sub-claims, their mathematical formula misses the fundamental precept of governing law.  Plaintiffs attempt to break down their twelve counts into 120 separate claims because they are desperately trying to avoid the broad and mandatory arbitration provision, which requires the Members of Blackford-I to arbitrate "***any dispute over the provisions of [the Operating Agreement]***" and "***other disputes among the members***."  (Exh. A, Operating Agreement, § 16.14) (emphasis added).

Stein and Blackford-II seek to compel arbitration and dismiss or stay this action pending the conclusion of arbitration because Kiehn and Stein are signatories to the Amended & Restated Operating Agreement of Blackford-I. To avoid the inevitable, Plaintiffs disingenuously state that Fortis' claims against Stein and Blackford-II, Kiehn's tort claims against Stein, and Kiehn's claims against Blackford-II, are based upon their status as Limited Partners in the Portfolio Companies.  Plaintiffs attempt to veil these additional claims under the guise of tort

---

[1] Hereinafter, Defendant Martin Stein will be referred to as "Stein" and Defendant Blackford Capital Associates II, Inc. will be referred to as "Blackford-II."  Where appropriate, Stein, Blackford-II, Mason and the Convergent Companies might be referred to collectively as "Defendants."

HILL, FARRER & BURRILL LLP
A LIMITED LIABILITY PARTNERSHIP
ATTORNEYS AT LAW
ONE CALIFORNIA PLAZA, 37TH FLOOR
300 SOUTH GRAND AVENUE
LOS ANGELES, CALIFORNIA 90071-3147

claims even though they are indistinguishable from Kiehn's breach of contract

claims. Because all twelve counts asserted in Plaintiffs' FAC arise out of, or "touch

upon" matters concerning the Operating Agreement, or constitute "other disputes"

between Kiehn and Stein, this Court should compel Plaintiffs to arbitrate their

claims.

**A. All of Kiehn's claims against Stein should be arbitrated because they arise out of the Operating Agreement, "touch upon matters" matters concerning the Operating Agreement, or are otherwise within the scope of the arbitration provision.**

In their opposition brief, Plaintiffs assert that Kiehn alleges twelve claims

against Stein (Opp. to MTD) and that only two of those claims – the breach of

contract claim and the breach of the covenant of good faith and fair dealing claim –

fall under the Operating Agreement. (*Id*., p. 7-8). Kiehn, however, cannot

circumvent the mandatory obligation to arbitrate merely because he alleges

additional claims under the guise of tort claims. These tort claims are properly

covered by the Operating Agreement. They are based upon allegations identical to

those relied upon for Kiehn's breach of contract claim, and Plaintiffs have not

identified a duty, under the principles of tort law, that is independent of the

contract.

Plaintiffs concede that federal policy strongly favors arbitration and Plaintiffs

do not deny that Kiehn's contract claims against Stein are subject to arbitration.

But Plaintiffs fail to adequately address how their tort claims are not barred by

HILL, FARRER & BURRILL LLP
A LIMITED LIABILITY PARTNERSHIP
ATTORNEYS AT LAW
ONE CALIFORNIA PLAZA, 37TH FLOOR
300 SOUTH GRAND AVENUE
LOS ANGELES, CALIFORNIA 90071-3147

contract and governed by the Operating Agreement. The mandatory arbitration provision is broad and obligates Members to arbitrate "any dispute over the provisions of this Agreement" and "***other disputes among the Members***." (Operating Agreement, § 16.14) (emphasis added). The "non-contract" claims by Kiehn against Stein and Defendants are "other disputes" among the members, which "touch matters" covered by the Operating Agreement. *Simula, Inc. v. Autoliv, Inc.*, 175 F.3d 716, 721 (9th Cir. 1999). As such, any doubt regarding the scope of arbitrable issues must be resolved in favor of arbitration. *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24-25 (1983).

Kiehn attempts to differentiate his claims arising out of his membership in Blackford-I from those that purportedly arise out of Kiehn's status as a Limited Partner in the Portfolio Companies. Kiehn asserts that his tort claims lie outside governance of the Operating Agreement because they rest on "the duties of competitors to avoid false and misleading statements about other competitors," "rest on the duty that one must not defame another," and "rest on defendants' interference with Kiehn's economic interests through Kiehn's work with portfolio companies and limited partners." (Opp. to MTD, p. 8). These assertions are a distinction without a difference and are identical to the breach of contract allegations. Kiehn alleges that Stein violated §§ 5.1, 5.3, 5.5, and 7.1 of the Operating Agreement by "disparaging KIEHN," "diverting Management Services Agreements away from Blackford-One," and failing "to protect the interests of the

- 3 -

HILL, FARRER & BURRILL LLP
A LIMITED LIABILITY PARTNERSHIP
ATTORNEYS AT LAW
ONE CALIFORNIA PLAZA, 37TH FLOOR
300 SOUTH GRAND AVENUE
LOS ANGELES, CALIFORNIA 90071-3147

Portfolio Companies and the Limited Partners of Blackford-One." (FAC, ¶ 155). Kiehn similarly alleges in his breach of covenant of good faith and fair dealing claim that "STEIN interfered with KIEHN'S rights to the benefit of the Operating Agreement by disparaging KIEHN with Portfolio Companies and with Limited Partners, and by changing Management Services Agreements." (*Id*., ¶ 190).

Most telling is Kiehn's admission that his tort claims "are supported in part under the Operating Agreement." (Opp. to MTD, p. 7). For instance, Plaintiffs' state in their FAC that their contracts with the Portfolio Companies that form the basis of their interference claims "relate to the operations of Blackford-One." (FAC, ¶¶ 22, 29; Opp. to MTD, p. 20). Referencing § 5.3 of the Operating Agreement, Plaintiffs further admit in their opposition that "[u]nder the operating agreement of Blackford-One ("Operating Agreement"), Stein is liable to Kiehn if Stein acts with 'fraud, deceit, gross negligence, reckless or intentional misconduct, or a knowing violation of law.'" (Opp. to MTD, p. 1). Based on Kiehn's admissions, the tort claims arise out of the Operating Agreement and replicate the breach of contract claims. It cannot be said with "positive assurance" that Kiehn's tort claims fall outside the scope of Blackstone-I's Operating Agreement. Therefore, they should be arbitrated. *See Marchese v. Shearson Hayden Stone, Inc.*, 734 F.3d 414, 419 (9th Cir. 1984). For these reasons, this Court should grant the Petition to Compel Arbitration.

HILL, FARRER & BURRILL LLP
A LIMITED LIABILITY PARTNERSHIP
ATTORNEYS AT LAW
ONE CALIFORNIA PLAZA, 37TH FLOOR
300 SOUTH GRAND AVENUE
LOS ANGELES, CALIFORNIA 90071-3147

**B.** **Kiehn's claims against Blackford-II should be arbitrated because they are identical to his claims against Stein and are "other disputes" arising out of the alleged conduct attributed to Stein.**

Kiehn also seeks to differentiate his claims against Stein (which he admits are arbitrable) from his claims against Blackford-II. He does so even though all allegations against Blackford-II arise out of conduct attributed to Stein. Plaintiffs do not dispute that nonsignatory defendants can compel a signatory plaintiff to arbitration under the theory of equitable estoppel.

The Ninth Circuit recognizes two types of estoppel, not two tests (as Plaintiffs have argued). *Mundi v. Union Sec. Life Ins. Co.*, 555 F.3d 1042, 1046 (9th Cir. 2009). Under the first type, "a nonsignatory may be held to an arbitration clause 'where the nonsignatory knowingly exploits the agreement containing the arbitration clause despite having never signed the agreement.'" *Id.* (quoting *E.I. DuPont de Nemours & Co. v. Rhone Poulenc Fiber & Resin Intermediates,* 269 F.3d 187, 199 (3d Cir. 2001)). Under the second type of estoppel, a signatory can be bound to arbitrate with a nonsignatory "'because of the close relationship between the entities involved, as well as the relationship of the alleged wrongs to the non-signatory's obligations and duties in the contract and the fact that the claims were intertwined with the underlying contractual obligations.'" *Id.* (quoting *DuPont*, 269 F.3d at 201); *Amisil Holdings Ltd. v. Clarium Capital Mgmt. LLC*, 622 F. Supp. 2d 825, 830-31 (N.D. Cal. 2007). Within these scenarios,

HILL, FARRER & BURRILL LLP
A LIMITED LIABILITY PARTNERSHIP
ATTORNEYS AT LAW
ONE CALIFORNIA PLAZA, 37TH FLOOR
300 SOUTH GRAND AVENUE
LOS ANGELES, CALIFORNIA 90071-3147

"[a]rbitration is more likely to be attained when the party resisting arbitration is a signatory." *Id*.

As a signatory to the Operating Agreement, Kiehn's claims against Blackford-II implicate the second type of estoppel. Blackford-II, a nonsignatory, undoubtedly fulfills both the "close relationship" factor and the "relationship of the alleged wrongs" factor. First, Stein is the founder and sole owner of Blackford-II. Second, as stated in Stein and Blackford-II's Petition to Compel Arbitration, the alleged conduct of Blackford-II is intertwined with, and indistinguishable from the alleged conduct of Stein. In every claim alleged against Blackford-II, it is the alleged conduct of Stein that forms the basis for the claim. Indeed, each and every reference to Blackford-II in the FAC also makes reference to Stein. (*See e.g.*, FAC, ¶¶ 135-136, 164-168, 170-177, 183-185, 195-196, 209-211, 218, 225-226, 233-234). Plaintiffs have not alleged a single independent action taken by Blackford-II that forms the basis for a claim by Plaintiffs.

In *Amisil*, a signatory company to an operating agreement sued another signatory company to an operating agreement, as well as individual employees of the defendant signatory company. Although the individual defendants were not signatories to the operating agreement, the court compelled the signatory plaintiff to arbitrate its claims against the non-signatory defendants. *Id*. at 840-41. It explained:

[E]ach of the claims are related to the Agreement in a way that either

- 6 -

HILL, FARRER & BURRILL LLP
A LIMITED LIABILITY PARTNERSHIP
ATTORNEYS AT LAW
ONE CALIFORNIA PLAZA, 37TH FLOOR
300 SOUTH GRAND AVENUE
LOS ANGELES, CALIFORNIA 90071-3147

refers to or presumes the existence of the Agreement. Absent the Operating Agreement, none of these claims would lie. Amisil cannot use the Agreement as a sword and at the same time choose to ignore it as a shield. Arbitration of the claims is warranted on estoppel principles.

*Id*. at 841 (emphasis added).

Like in *Amisil*, none of the claims against Blackford-II would lie without the Operating Agreement. Because Kiehn's tort claims against Stein are indistinguishable from Kiehn's contract claims against Stein, it follows that Kiehn's allegations against Blackford-II, based solely on the conduct of Stein, arise out of Kiehn and Stein's relationship under the Operating Agreement.

In addition, if Kiehn and Stein arbitrate their claims, it would be inefficient and a waste of judicial resources to bifurcate the exact same claims against Blackford-II, which comprise only allegations of conduct attributed to Stein. "[W]here a lawsuit against non-signatories is inherently bound up with claims against a signatory, the court should compel arbitration in order to avoid denying the signatory the benefit of the arbitration clause, and in order to avoid duplicative litigation which undermines the efficiency of arbitration." *Id.* at 840 (quoting *Hawkins v. KPMG LLP*, 423 F. Supp. 2d 1038, 1049 (N.D. Cal. 2006)). "In other words, a signatory to an agreement with an arbitration clause cannot 'have it both ways.'" *Goldman v. KPMG, LLP*, 173 Cal. App. 4th 209, 220; 92 Cal. Rptr. 3d 534 (2009). Otherwise, a signatory plaintiff could avoid the practical consequences of an arbitration agreement simply by naming nonsignatory parties as defendants in its

complaint and "the effect of the rule requiring arbitration would, in effect, be nullified." *Amisil*, 622 F. Supp. 2d at 833. As such, despite Plaintiffs' tables of signatories versus nonsignatories and mathematical formulas, Kiehn should be compelled to arbitrate his claims.

### C. Fortis' claims must be arbitrated because its claims are intertwined with the Operating Agreement.

Fortis' claims against Stein and Blackford-II must be arbitrated because they implicate both types of equitable estoppel.

Under the first type of estoppel, Stein, a signatory, can compel Fortis, a nonsignatory, to arbitrate its claims because Fortis is attempting to assert rights under the Operating Agreement that are commensurate with Kiehn's. For instance, Fortis alleges that its rights have been violated by Stein's alleged alteration of the Management Services Agreement. (FAC, ¶ 81). Although Fortis contends that its claims relate to its "economic interests in working with portfolio companies and limited partners," Fortis does not bring any of its claims under the Management Services Agreements. (Opp. to MTD, p. 9). Rather, all of Fortis' claims arise out Kiehn and Stein's rights and obligations under the Operating Agreement as alleged in the FAC – specifically §§ 5.3, 5.5, and 7.1 of the Operating Agreement. (*See* FAC, ¶¶ 154-157). As stated in the Memorandum in Support of Petition to Compel Arbitration, there is no allegation in the FAC of any right or claim solely on behalf of Fortis.

HILL, FARRER & BURRILL LLP
A LIMITED LIABILITY PARTNERSHIP
ATTORNEYS AT LAW
ONE CALIFORNIA PLAZA, 37TH FLOOR
300 SOUTH GRAND AVENUE
LOS ANGELES, CALIFORNIA 90071-3147

HILL, FARRER & BURRILL LLP
A LIMITED LIABILITY PARTNERSHIP
ATTORNEYS AT LAW
ONE CALIFORNIA PLAZA, 37TH FLOOR
300 SOUTH GRAND AVENUE
LOS ANGELES, CALIFORNIA 90071-3147

Fortis should also be compelled to arbitrate its claims against Stein under the second type of estoppel. Despite Plaintiffs' claims to the contrary, the relationships between Fortis and the other parties involved are extremely close. Kiehn – a signatory to the Operating Agreement – is the owner and Managing Director of Fortis and, again, Fortis does not allege a single claim independent of Kiehn. And, as explained in Part A, *supra*, Kiehn's tort claims against Stein (and therefore Fortis' claims against Stein) are indistinguishable from his contract claims, certainly "touch matters" covered by the Operating Agreement, and constitute "other disputes among the Members." Thus, unlike the majority of cases cited by Plaintiffs in an effort to persuade the court that nonsignatories are rarely compelled to arbitrate, the nonsignatory in this case, Fortis, meets both equitable estoppel factors. In the same way that Kiehn cannot circumvent his obligation to arbitrate simply by adding nonsignatory Defendants, he cannot bypass arbitration by adding a nonsignatory plaintiff to this action, especially one over which he has complete control. Accordingly, Fortis should be compelled to arbitrate its claims against Stein.

Finally, as indicated above, Plaintiffs' claims against Blackford-II, including those asserted by Fortis, are based entirely upon the conduct of Stein, and are indistinguishable from Plaintiffs' claims against Stein. Like Kiehn's claims against Blackford-II, it would be irrational to independently litigate Fortis' claims against Blackford-II when they arise out of the same alleged conduct attributed to Stein.

Therefore, Fortis' claims against Blackford-II should also be arbitrated.

## II.   CONCLUSION

For the foregoing reasons, Kiehn and Fortis should be compelled to arbitrate their claims against Stein and Blackford-II, and this action should be dismissed or stayed until arbitration proceedings are concluded.

Respectfully submitted this 3rd day of April, 2013.

By   /s/ E. Sean McLoughlin
E. Sean McLoughlin (Bar No. 174076)
Michael S. Blanton (Bar No. 190148)
HILL, FARRER & BURRILL LLP
One California Plaza, 37th Floor
300 South Grand Avenue
Los Angeles, CA 90071
Telephone:  (213) 620-0460
Email: smcloughlin@hillfarrer.com
Email: mblanton@hillfarrer.com

and

 /s/  Peter H. Webster
Peter H. Webster (MI Bar No. P48783)
L. Pahl Zinn (MI Bar No. P57516)
Patrick G. Green (MI Bar No. 68759)
DICKINSON WRIGHT PLLC
500 Woodward Ave, Suite 4000
Detroit, MI 48226
Telephone: (313) 223-3500
pwebster@dickinsonwright.com
pzinn@dickinsonwright.com
pgreen@dickinsonwright.com

*Admitted Pro Hac Vice*

Attorneys for Defendants Martin Stein and Blackford Capital Associates II, Inc.

HILL, FARRER & BURRILL LLP
A LIMITED LIABILITY PARTNERSHIP
ATTORNEYS AT LAW
ONE CALIFORNIA PLAZA, 37TH FLOOR
300 SOUTH GRAND AVENUE
LOS ANGELES, CALIFORNIA 90071-3147